**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30041 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00055-RSL-5 |
| v. | |
| MARISOL PEREZ-ALMONTE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted June 7, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and KOBAYASHI,
District Judge.[**]

Defendant Marisol Perez-Almonte appeals her conviction for conspiracy to

distribute cocaine, challenging the district court's denial of her suppression and

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

discovery motions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Perez argues that the district court erred in denying her motion to suppress. We review de novo the denial of a motion to suppress, *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir. 2002), and review a district court's factual findings for clear error. *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007). We may affirm on any ground supported by the record. *See United States v. Miller*, 822 F.2d 828, 833 (9th Cir. 1987).

All parties agree that a positive alert from a drug-detection dog, on its own, provides probable cause to search a vehicle so long as the drug dog is "well trained" or, put another way, its "reliability" has been established. *See United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir. 1993).

The district court did not clearly err in finding Cookie, the troopers' drug-detection dog, reliable. Trooper Costanzo testified at length as to Cookie's training and certification, as well as to her field performance. Perez's only substantive criticism of Cookie's certification and training process is that she was not trained for false alerts and handler cueing. Perez had access to Cookie's training and certification documents, *see United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir. 2003); *United States v. Nava*, 363 F.3d 942, 943 n.1 (9th Cir. 2004), and,

2

even accepting that Costanzo conducted no false positive training or blind training, Costanzo testified that Cookie's alerts failed to uncover drugs only 5% of the time. With a 95% drug recovery rate, it was not clearly erroneous to find Cookie reliable.

Moreover, in addition to Cookie's alert, the troopers smelled an "overwhelming" scent of air freshener emanating from the car, Ramirez provided the troopers with inconsistent travel plans, and Perez "frantic[ally]" communicated in Spanish to Ramirez when Costanzo questioned her about drugs in the Tahoe. These facts, taken together with Cookie's alert, established probable cause to search the Tahoe.

Finally, under the "collective knowledge doctrine," the DEA's knowledge of Perez and Ramirez's suspicious activities is properly considered in the probable cause analysis. *See United States v. Ramirez*, 473 F.3d 1026, 1032, 1036-37 (9th Cir. 2007). The DEA knew that: (1) in a previous investigation, an informant had reported that his "boss," later identified as Ramirez, drove a tan truck that had a secret compartment in its seat for drugs; (2) Ramirez met with an informant before and after a drug transaction with an undercover officer; (3) Ramirez was seen driving to the same spot where another cocaine distributor (and informant) drove to meet his supplier; and (4) Ramirez and Perez drove the Tahoe from Washington to California, met briefly with a man at a hotel, and were seen leaving the hotel with

3

packages in hand traveling back to Washington. Together, these factors establish probable cause to search for drugs in the Tahoe.[1]

Second, Perez challenges the district court's denial of Criminal Justice Act funds to retain a drug dog expert, which she claims she needed to evaluate Cookie's reliability. A district court's denial of funds to retain an expert under the CJA, 18 U.S.C. § 3006A(e)(1), is reviewed for abuse of discretion. *United States v. Nelson*, 137 F.3d 1094, 1101 n.2 (9th Cir. 1998). It is an abuse of discretion to deny a request for expert funding where (1) reasonably competent counsel would have required the assistance of the requested expert for a paying client, and (2) the defendant was prejudiced by the lack of expert assistance. *United States v. Rodriguez-Lara*, 421 F.3d 932, 940 (9th Cir. 2005). Prejudice must be shown by clear and convincing evidence. *Id.*

---

[1] The United States Supreme Court recently granted certiorari in a case in which the Florida Supreme Court held that the reliability of a drug dog is subject to a "totality of the circumstances analysis" and that "evidence that [a] dog has been trained and certified to detect narcotics, standing alone, is not sufficient to establish the dog's reliability for purposes of determining probable cause." *Florida v. Harris*, 71 So. 3d 756, 759 (Fla. 2011), *cert. granted* 132 S. Ct. 1796 (2012). This case, however, is distinguishable from *Harris* because of the multitude of facts known by the DEA and the troopers that established probable cause, even if Cookie's reliability cannot be established solely from her training, certification, and Costanzo's testimony regarding her field performance.

4

The district court did not abuse its discretion in denying CJA funding for a drug dog expert. The only way Perez could have been prejudiced by a lack of expert assistance is if the expert could have convinced the court that Cookie's certification and training were faulty. But the district court allowed for the possibility that Cookie's reliability was not perfect, that she sometimes had false alerts, or that she alerted to residual odors. Nowhere does Perez explain how her expert's testimony as to Cookie's certification and training would have led to a different reliability determination. Because Perez failed to demonstrate through specific facts how a drug-dog expert would have been helpful in assessing Cookie's reliability vis-à-vis her certification and training, the district court did not abuse its discretion in denying funds.

Lastly, Perez argues that the district court abused its discretion by quashing her subpoena against the Oregon state police for all incident reports that Cookie was involved in and by refusing her request for Costanzo's logbook. A district court's discovery rulings are reviewed for an abuse of discretion. *See United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007).

The district court did not abuse its discretion in quashing the subpoena and finding that the request for all police incident reports related to Cookie was overbroad and onerous given the limited relevance that this dog's performance

5

history would have to its relevance in light of the fact that Perez cross-examined Costanzo about Cookie's field performance. *See United States v. Reed*, 726 F.2d 570, 576-77 (9th Cir. 1984).

As for Perez's request for Costanzo's logbook, that was conditioned on the grant of CJA funding, which was properly denied.

Accordingly, we **AFFIRM** Perez's conviction.